PER CURIAM.
The record in this case does not support the $13,000 judgment entered for the plaintiff, AAC SYDCO, Inc. (AAC), after a non-jury trial. Although AAC submitted adequate proof that the defendant breached the air conditioning service contract by terminating AAC’s services seven months before the time called for in the contract, there was no proof as to the extent of the profit, if any, AAC would have derived had it continued to perform services. Thus, the award to AAC of the total amount of the monthly payments remaining due under the contract for which AAC performed no services and incurred no expenses was error.
AAC’s argument that it stood to make some profit on the service contract in the winter months quite obviously does not support a judgment, such as that entered below, that the seven monthly payments remaining due under the contract were all profit,[1] See U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984).
There is ample evidence, however, to support the trial court’s judgment to the extent of $4,038.21, consisting of amounts due and owing to AAC for services already performed and parts supplied as reflected on invoices submitted to the defendant.
Accordingly, the amount of the judgment is modified to $4,038.21, and, as modified, the judgment is affirmed.

. The entire testimony on this score came from Mr. Sanford Stern, AAC’s president:
“Q. Was that a profitable procedure for your company?
"A. No, not really. We make some profit on the parts but basically when we get a situation like this where there’s a lot of old equipment we try to put it back into shape as best we can, take it through the summertime and try to keep it going as best we can.
"And, of course, in the wintertime when the useage factor is much lower we’re able to turn a profit on it. I don't see where we're excessive at all. Two or three motors, two or three compressors out of 25 accounts is nothing."